# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE R. TORRES,**

      **Plaintiff,**

v.                                          **Case No: 6:19-cv-01266-GKS-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Jose R. Torres (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits (DIB) and supplemental social security income (SSI). Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by formulating an RFC not supported by substantial evidence after failing to apply the correct legal standard to the opinion of Claimant's treating physician, Dr. Javaid (Doc. 34 at 7-12), and that the ALJ thus erred by relying on the testimony of the Vocational Expert (VE) after posing and relying on a hypothetical question that did not adequately reflect Claimant's limitations (Doc. 34 at 14-16). The Commissioner argues that the ALJ properly accorded "some weight" to Dr. Javaid's opinion and that the ALJ posed a hypothetical question that accounted for "limitations that were supported by the credible evidence of record". *Id.* at 16; *see id.* at 12-14. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED**.

## I.     The ALJ's Decision

On September 10, 2015 and October 26, 2015 Claimant filed applications for disability insurance and supplemental security income, respectively. R. 190-99. In both applications, Claimant alleged a disability onset date of July 13, 2015. *Id.* The claims were denied initially (R. 113-16) and upon reconsideration (R. 119-28). Claimant requested a hearing before an ALJ. *See* R. 129-33. The ALJ held the hearing on July 2, 2018 (R. 34-62); at the hearing, Claimant amended the alleged onset date to July 1, 2017 (R. 22). The ALJ issued a decision on August 27, 2018. R. 12-33. In the decision, the ALJ found that Claimant had the following severe impairments: ischemic heart disease and depression. R. 18.[1]

The ALJ found that Claimant had a residual functional capacity (RFC) to perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a) and 20 CFR 416.967(a).[2] Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 20 CFR 416.967(a) except lifting 10 pounds occasionally and less than 10 pounds frequently; carrying 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours, standing for 2 hours, and push/pull as much as can lift/carry in an 8-hour workday. The claimant can in [sic] extreme cold occasionally, and in extreme heat occasionally. He is limited to perform simple, routine and repetitive tasks but not at a production rate pace (e.g. assembly line work); limited to simple work-related decisions; respond appropriately to supervisors, coworkers and to the public frequently.

---

[1] The ALJ also found that Claimant had the non-severe impairment of anxiety disorder, explaining that such impairment was non-severe "as it has not caused significant work-related limitations." R. 18.

[2] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

R. 21. The ALJ posed a hypothetical question to the vocational expert (VE) related to the foregoing RFC determination, and the VE testified that Claimant was capable of performing as a document preparer and as an addresser, jobs that exist in the national economy. R. 59-60. The ALJ concluded that Claimant was "capable of making a successful adjustment to other work that exist[ed] in significant numbers in the national economy." R. 28. The ALJ found that Claimant was not disabled between the amended alleged onset date (July 1, 2017) and the date of the ALJ's decision. *Id.*

Claimant requested review of the hearing decision; the Appeals Council denied Claimant's request. R. 1-6. On July 10, 2019, Claimant filed a complaint requesting that the Court reverse the Commissioner's decision and award benefits, or, in the alternative, that the case be remanded for further consideration. Doc. 1 (the Complaint).

**II.    Standard of Review**

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates

against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   Discussion

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that, "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id.* at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a

statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; see also 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant argues that the ALJ erred by failing to properly weigh the opinion of Claimant's treating physician, Dr. Javaid, and thus formulated an RFC not supported by substantial evidence. Doc. 34 at 7-12. Specifically, Claimant argues that the ALJ erred by failing to articulate what weight he assigned the opinion Dr. Javaid offered in the "Medical Opinion Form Re: Ability To Do Work-Related Activities" (R. 425-26, Dr. Javaid's Opinion); Claimant further argues that even if the ALJ discounted the Opinion, he erred by providing insufficient justification for doing so. Doc. 34 at 7-12.

Dr. Javaid completed his Opinion on April 26, 2016 and opined therein to limitations more severe than those found in the RFC. *Compare* R. 425-26 *with* R. 21. In his decision, the ALJ addressed Dr. Javaid's Opinion as follows:

> In a medical source statement, dated April 26, 2016, Aamir Javaid, M.D. treating cardiologist opined the claimant could do sedentary RFC, and consistent with the treating record. Dr. Javaid did not consider the walking limitation of only 20-40 minutes during an 8-hour day that specific limitation was not supported by the rest of his opinion, his treatment record or the record as a whole.

R. 26. Claimant argues the ALJ's statement with respect to Dr. Javaid's Opinion "is not exactly clear" but does not assign any specific weight to the Opinion. Doc. 34 at 9-11. The undersigned finds that the ALJ failed to assign weight to Dr. Javaid's Opinion. Furthermore, the undersigned finds that it is unclear whether the ALJ gave the Opinion any weight at all; the ALJ's decision does not actually state that the opinions are entitled to "some weight" as argued by the Commissioner. *Compare* R. 26 *with* Doc. 34 at 13. In other words, there is no mention of "weight" at all with respect to Dr. Javaid's Opinion and thus no explanation of the reasons for the weight given to Dr Javaid's Opinion. *See Winschel*, 631 F.3d 1179 ("[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."). Without this information, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* Accordingly, the undersigned finds that the ALJ erred and, thus, that the Commissioner's final decision is due to be reversed.

Since this issue is dispositive, the undersigned finds that there is no need to address Claimant's remaining arguments. *See Diorio*, 721 F.2d at 729 (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). However, the undersigned will briefly address Claimant's remaining assignment of error:

Claimant argues that the ALJ improperly relied on the VE's testimony after posing and relying on a hypothetical question that did not adequately reflect Claimant's limitations. Doc. 34 at 14-16. The ALJ must employ hypothetical questions that are accurate and supportable on the record and that include all limitations or restrictions of the claimant. *Grimes v. Comm'r of Soc. Sec.*, No. 6:11-CV-568-ORL-31, 2012 WL 3244541, at *12–13 (M.D. Fla. June 18, 2012*), report and recommendation adopted*, No. 6:11-CV-568-ORL-31, 2012 WL 3244644 (M.D. Fla. Aug. 7, 2012) (citing *Pendley v. Heckler,* 767 F.2d 1561 (11th Cir.1985). Here, the undersigned has found that the ALJ erred in failing to properly articulate the weight assigned to a treating physician's opinion in determining Claimant's RFC and has recommended that this matter should be reversed and remanded for further proceedings before the ALJ. If that recommendation is accepted, no further discussion of this assignment of error is appropriate because on remand the ALJ will reconsider the entirety of the record. *See Diorio*, 721 F.2d at 729 (on remand the ALJ must reassess the entire record).

As a final matter, Claimant makes the perfunctory request that the Court reverse the Commissioner's decision and grant benefits. Doc. 34 at 17. If a claimant is dissatisfied with the final agency decision on his application for benefits, he may sue in federal court. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g)). Under sentence four of § 405(g), courts "have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." Remand is appropriate "where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). As discussed in the following paragraphs, while reversal and remand are appropriate, an outright award of benefits under *Davis* is not warranted. A court may reverse for an outright award of

benefits if the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis,* 985 F.2d at 534. Here, Claimant has not attempted to show that the cumulative effect of the evidence clearly establishes disability beyond any doubt. *See* Doc. 34.

A court may also reverse for an outright award of benefits where the court finds that the claimant has suffered an injustice. *See Walden v. Schweiker,* 672 F.2d 835, 840 (11th Cir. 1982).[3]

---

[3] The undersigned notes that several courts have discussed *Walden* in the context of "injustice" and have reached varying conclusions. In *Dietz v. Comm'r of Soc. Sec.*, the court stated:

> the Eleventh Circuit in *Walden* did not hold a court may reverse a case for an award of benefits whenever the claimant has suffered what the court considers an injustice, and certainly did not hold an injustice occurs where . . . the administrative process has been delayed because an ALJ has twice erred, regardless of whether the claimant has established disability.

No. 3:19-CV-95-J-34PDB, 2020 WL 929947, at *13 (M.D. Fla. Feb. 3, 2020), *report and recommendation adopted sub nom. Dietz v. Saul,* No. 3:19-CV-95-J-34PDB, 2020 WL 919166 (M.D. Fla. Feb. 26, 2020). The court in *Dietz* also addressed other cases in which *Walden* was discussed:

> Some district courts have interpreted *Walden* broadly to support remanding a case for an award of benefits if there is an injustice. *See, e.g.*, *Weary v. Comm'r of Soc. Sec.*, 6:14-cv-1742-Orl-GJK, 2016 WL 1030800, at *7 (M.D. Fla. Mar. 15, 2016) (unpublished); *Quanstrom v. Comm'r of Soc. Sec.*, No. 6:15-cv-990-Orl-37GJK, 2016 WL 11469164, at *8 (M.D. Fla. June 23, 2016) (unpublished), report and recommendation adopted, 2016 WL 3769958. Courts that have remanded for an award of benefits based on a finding of injustice have done so on egregious facts absent [in *Dietz*]. *See, e.g.*, *Green v. Comm'r of Soc. Sec.*, No. 6:18-cv-1095-Orl-41GJK, 2019 WL 1745372, at *1 (M.D. Fla. Apr. 18, 2019) (unpublished) (finding an injustice where the plaintiff underwent three administrative hearings, three appeals, and two remands over 11 years); *Rainey v. Comm'r of Soc. Sec.*, No. 5:17-cv-541-Oc-PRL, 2018 WL 3830069, at *2–4 (M.D. Fla. Aug. 13, 2018) (unpublished) (finding an injustice where the plaintiff underwent four administrative hearings, three appeals, and the Commissioner failed to follow the Court's instructions on remands over 10 years).

*Dietz*, 2020 WL 929946 at *13 n. 20. Here, Claimant does not present any argument that Claimant's case is analogous to *Walden* or any other case that applies *Walden*, nor does Claimant offer any support for the contention that there is an "injustice" in her case. Thus, the undersigned need not address the contours of *Walden*.

Claimant does not present any argument—or even any statement—that suggests that Claimant has suffered an injustice that warrants reversal and an award of benefits. *See* Doc. 34. Because Claimant provides no authority or argument that convinces the undersigned that an outright award of benefits under *Davis* is appropriate, the undersigned finds that reversal for benefits is inappropriate in this case.

IV. **CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of Claimant and against the Commissioner and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 15, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy